UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES WILLIAMS,

    Petitioner,

-vs-                                              Case No. 8:03-CV-1574-T-27EAJ

JAMES V. CROSBY, et al,

    Respondents.
_____/

## ORDER

Petitioner, a State of Florida inmate proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on July 26, 2003,[1] challenging a 1997 conviction for battery and robbery entered by the Twelfth Judicial Circuit Court, Manatee County, Florida (Dkt. 1). Respondents have filed a limited response to the petition asserting that it is time-barred under 28 U.S.C. § 2244(d) (Dkt. 11), and Petitioner has filed a reply thereto (Dkt. 12). On March 7, 2006, Petitioner filed a Motion to Amend his § 2254 petition (Dkt. 13). For reasons set forth below, the Court agrees with Respondent that the petition is subject to dismissal pursuant to § 2244(d). Under these circumstances, amendment of the petition would be futile.

## Background

Petitioner was charged by Information with manslaughter (Count One) and robbery (Count Two) (Dkt. 11, Ex. 1). Represented by counsel, Petitioner proceeded to a trial by

---

[1]Although the petition was not received by the Clerk's office for filing until July 29, 2003, this circuit considers § 2254 petitions for habeas relief and documents related thereto "filed" when a *pro se* prisoner delivers one of them to a prison official for mailing. *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988); *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999). Petitioner executed the petition on July 26, 2003.

jury on November 13, 1996. The jury found Petitioner guilty of the lesser included offense of battery on Count One and robbery on Count Two on November 15, 1996. Petitioner was adjudicated an habitual felony offender on February 10, 1997, and sentenced on Count One to serve a term of 11 months and 29 days in the county jail and on Count Two to a term of 15 years in prison, to be followed by a 15-year term of probation (Dkt. 11, Ex. 1). On April 28, 1999, Petitioner's convictions and sentences were affirmed on direct appeal (Dkt. 11, Ex. 5). His motion for rehearing was denied on June 7, 1999, see Dkt. 11, Ex. 7, with the mandate issuing on July 12, 1999, see Dkt. 11, Ex. 8.

On June 23, 2000, Petitioner filed a motion to correct an illegal sentence pursuant to Fla. R. Crim. P. 3.800(a) (Dkt. 11, Ex. 9). The trial court denied Petitioner's motion on December 28, 2000 (Dkt. 11, Ex. 10). The state district court affirmed the trial court's decision *per curiam*, without written opinion, on April 6, 2001, with the mandate issuing on May 7, 2001 (Dkt. 11, Ex. 12).

In the interim, Petitioner filed a state application for post-conviction relief pursuant to Fla. R. Crim. P. 3.850 on April 18, 2001, see Dkt. 11, Ex. 13; Dkt. 1 (unnumbered). The Rule 3.850 motion was denied on May 17, 2001 (Dkt. 11, Ex. 15). The state district court affirmed the trial court's decision per curiam, without written opinion, on December 12, 2001, with the mandate issuing on January 15, 2002 (Dkt. 11, Ex. 17).

On March 26, 2002, Petitioner filed a petition for state habeas relief in the trial court, which was construed as a request for relief under Fla. R. Crim. P. 3.850. The trial court denied the motion on April 8, 2002 (Dkt. 11, Ex. 19). The state district court affirmed the trial court's decision per curiam, without written opinion, on September 25, 2002 (Dkt. 11, Ex. 23). Petitioner's motion for rehearing was denied on October 11, 2002, and the mandate issued on November 5, 2002 (Dkt. 11, Ex. 26). On November 9, 2002, Petitioner

filed a petition for certiorari in the state district court requesting that it review its order denying his motion for rehearing (Dkt. 11, Ex. 27 at 34). The state district court dismissed the petition without written opinion on January 9, 2003 (Dkt. 11, Ex. 28).

Petitioner filed his request for federal habeas relief on July 26, 2003. He asserts 12 grounds for relief in the original petition and in his motion to amend seeks leave to add two new grounds for relief related to his sentences. Having reviewed the parties' arguments, the record, applicable statutes, and controlling case law, the Court finds, for reasons discussed below, that the petition is subject to dismissal under 28 U.S.C. § 2244(d)(1).

**Discussion**

State prisoners whose convictions became final after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), have one year from the latest of any of four events to file a § 2254 petition: (1) the date on which the conviction became final; (2) the date on which any state-imposed impediment to filing the petition is removed; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

Petitioner's limitation period commenced to run on September 5, 1999 when the 90-day window during which Petitioner could have petitioned the United States Supreme Court for a writ of *certiorari* expired. *See* Sup. Ct. R. 13.3;[2] *Bond v. Moore*, 309 F.3d 770 (11th Cir.

---

[2] "If a petition for rehearing is timely filed in the lower court by any party, or if the lower court entertains an untimely petition for rehearing, . . . the time to file the petition for a writ of certiorari . . . runs from the date of the denial of rehearing." Sup. Ct. R. 13.3. Petitioner's motion for rehearing on direct appeal was denied on June 7, 1999 (Dkt. 11, Ex. 7).

2002). Absent tolling by a "properly filed" application for state post-conviction relief, Petitioner had until September 5, 2000 to file his petition for federal habeas relief.

The limitation period was tolled 292 days[3] later on June 23, 2000, when petitioner filed his Rule 3.800(a) motion. The state district court affirmed the trial court's decision denying the Rule 3.800(a) motion on May 7, 2001. The limitation period remained tolled, however, by the Rule 3.850 motion Petitioner filed on April 18, 2001. The limitation period recommenced to run January 15, 2002 when the state district court issued its mandate affirming the trial court's rejection of the Rule 3.850 motion. At that time, 73 days of the limitation period remained unexpired (365 days - 292 days = 73 days).

On March 26, 2002, Petitioner filed a petition for state habeas relief, construed by the trial court as a Rule 3.850 motion, which tolled the limitation period again. On November 5, 2002, the state district court issued its mandate affirming the trial court's denial of the construed Rule 3.850 motion. The limitation period recommenced to run with 3 days remaining unexpired (73 days - 70 days = 3 days). Petitioner's limitation period expired on November 8, 2002.

On November 9, 2002, one day after the expiration of the limitation period, Petitioner filed a petition for certiorari requesting that the state district court review its October 11, 2002 decision denying his motion for rehearing. Because the limitation period cannot be reinitiated once it expires, filings after November 8, 2002 did not have any tolling effect. See Tinker v. Moore, 255 F.3d 1331, 1333-34 (11th Cir. 2001), cert. denied, 534 U.S. 1144 (2002).

---

[3] The Court takes judicial notice of the fact that 2000 was a "leap year," thus, the month of February had 29 days.

Even if the Court were to ignore the fact that the month of February had 29 days in 2000, moving the expiration of the limitation period to November 9, 2002, Petitioner's § 2254 petition would still be untimely because the state petition for certiorari was not a "properly filed" application for state post-conviction relief. In *Artuz v. Bennett*, the United States Supreme Court held that an application for post-conviction relief is "properly filed when its delivery and acceptance are in compliance with the applicable [state] laws and rules governing filings." 531 U.S. 4, 8 (2000) (hereinafter "*Artuz*"). Petitioner's request for certiorari was not a "properly filed" application for state post-conviction relief under Florida law because it was filed in the wrong court.

As Petitioner acknowledged in the petition for certiorari, he was seeking review by the state district court of the "final order" it had entered denying his motion for a rehearing on October 11, 2002. A writ of certiorari is issued by a superior court to call up the records of an inferior court or quasi-judicial body. While Florida's district courts have common law *certiorari* jurisdiction to review non-final orders of "lower tribunals" and final orders of state circuit courts acting in their appellate capacity, Fla. R. App. P. 9.030(b)(2), the decisions of Florida's district courts are only reviewable by the Florida Supreme Court, and then only under limited circumstances not applicable in Petitioner's case.[4] Because the petition for certiorari was not a "properly filed" application for state post-conviction relief, it could not have had any tolling effect on AEDPA's limitation period. *See Artuz*, 531 U.S. at 9.

---

[4]The district court's order affirming the denial of his motion for post-conviction relief was entered *per curiam*, without written opinion. In *Jenkins v. State,* the Florida Supreme Court discussed at length the history and purpose of a 1980 amendment to article 5, section 3 of the Florida Constitution restricting the scope of that court's discretionary review jurisdiction. 385 So.2d 1356 (Fla.1980). The Florida Supreme Court concluded that it "lacks jurisdiction to review *per curiam* decisions of the several district courts of appeal . . . rendered without opinion." *Id.* at 1359.

-5-

Petitioner has not shown that a state created impediment prevented him from filing a timely § 2254 petition or that he could not have discovered the factual predicate of his federal claims prior to July 26, 2003 when he filed the instant petition. *See* 28 U.S.C. § 2244(d)(1)(B) & (D). Thus, the petition for federal habeas relief is clearly time-barred under 28 U.S.C. § 2244(d)'s one-year limitation provision unless Petitioner demonstrates that he is entitled to equitable tolling.

Section 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.'" *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir. 2000) (quoting *Sandvik v. United States,* 177 F.3d 1269, 1271 (11th Cir. 1999) (*per curiam*)). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dep't of Corrs.,* 297 F.3d 1278, 1286 (11th Cir. 2002). Having afforded Petitioner an opportunity to explain the reasons for his untimeliness,[5] the Court finds that Petitioner has failed to satisfy the criteria in this jurisdiction to proceed despite the procedural bar to his petition. *See Helton v. Sec. for the Dep't of Corrs.,* 259 F.3d 1310, 1314-15 (11th Cir. 2001).

Petitioner does not contend that he was prevented from filing a timely § 2254 petition by extraordinary circumstances that were beyond his control. Instead, he asserts that his "actual innocence" of the offenses of conviction justifies consideration of his untimely petition. Assuming, without deciding, that an "actual innocence" exception to the limitation period exists, the Court finds that Petitioner fails to state a colorable claim of actual innocence. A petitioner in a collateral proceeding who wishes to establish his actual

---

[5]*See Day v. McDonough,* __ U.S. __, 126 S.Ct. 1675, 1684 (April 25, 2006) (district courts are permitted to consider *sua sponte* the timeliness of a state inmate's habeas petition, but must accord the parties fair notice and an opportunity to present their positions). In the instant case, Petitioner presented his position on the issue of timeliness in his petition and in his reply to the response (Dkts. 1 and 12).

innocence to avoid a procedural bar to consideration of the merits of his underlying claim must demonstrate that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo,* 513 U.S. 298, 327 (1995). To establish this requisite probability, Petitioner must show that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* In this context, Petitioner must demonstrate that he has newly discovered evidence that was not presented at trial which would establish factual innocence rather than mere legal insufficiency. *See Sawyer v. Whitley,* 505 U.S. 333, 339 (1992).

In support of his argument that he should be allowed to proceed under the actual innocence exception, Petitioner summarizes portions of the claims presented in his § 2254 petition, supplemented by copies of several police reports and excerpts from the trial transcript and the trial court's decision denying his Rule 3.850 motion. Noticeably lacking, however, is any claim of "newly discovered evidence" of factual innocence.

Having considered Petitioner's actual innocence arguments and reviewed the materials he submits in support thereof, the Court concludes that Petitioner does not present any "new reliable evidence" that was not available at trial that exonerates him. Petitioner has thus failed to demonstrate a colorable claim of actual innocence. *Schlup v. Delo,* 513 U.S. at 327.

As to Plaintiff's assertion that application of the AEDPA limitation period in this case would be a violation of the Suspension Clause, *see* U.S. Const. art. I, § 9, cl. 2, the Eleventh Circuit has rejected such assertions because § 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.'" *Steed v. Head,* 219 F.3d at 1300 (quoting *Sandvik v. United States,* 177 F.3d at 1271). Agreeing with all other circuits which

have addressed this issue, the Eleventh Circuit held that, "as a general matter, the § 2244(d) limitation period does not render the collateral relief ineffective or inadequate to test the legality of detention, and therefore is not an unconstitutional suspension of the writ of habeas corpus." *Wyzykowski v. Dep't of Corrs.*, 226 F.3d 1213, 1217 (11th Cir. 2000). Hence, Petitioner's assertion that application of the statutory time bar to him is unconstitutional lacks merit.

## Conclusion

For the foregoing reasons, the Court determines that the petition is untimely pursuant to 28 U.S.C. § 2244(d). Because the petition is barred by statute, the deficiency cannot be cured by amendment or discovery.

ACCORDINGLY, the Court **ORDERS** that:

1. The Motion to Amend (Dkt. 13) is **DENIED**

2. The petition for writ of habeas corpus is **DENIED** (Dkt. 1).

3. The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**ORDERED** in Tampa, Florida, on _June 29th_, 2006.

_____
JAMES D. WHITTEMORE
UNITED STATES DISTRICT JUDGE

SA:jsh

Copy to: All Parties of Record